IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GARY RAY SPEARS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 3:12-CV-96 (CDL) |
| | : | |
| CLAY TATUM, | : | |
| | : | Proceeding under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Respondent Clay Tatum has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). Doc. 10. Because Petitioner Gary Ray Spears failed to file his petition within the one-year period of limitations and because he has failed to establish that he is entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and that the instant petition be **DISMISSED**.

FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 1999, a Hart County Grand Jury returned a six-count indictment against Petitioner Gary Ray Spears charging him with murder, felony murder, aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, and kidnapping. Doc. 12-2 at 74-75. The charges stemmed from an incident in which the victim was handcuffed, shot approximately twenty-one times, struck in the head with a baton, and doused with sulfuric acid. Doc. 12-1 at 42-45. The State sought the death penalty against Petitioner. Id. at 29-30.

Following discovery and plea negotiations, Petitioner agreed to plead guilty in exchange for the State's withdrawal of its intent to seek the death penalty. See Doc. 12-3 at 26-31. On

1

March 19, 2001, Petitioner entered his guilty plea[1] and was sentenced to life without parole for murder, plus twenty consecutive years for aggravated battery and five consecutive years for possession of a firearm during the commission of a crime. Id. at 29-31. The felony murder and aggravated assault charges merged with the murder charge, and the kidnapping charge was dismissed. Id. Petitioner did not file an appeal.

On December 12, 2007, Petitioner filed a state habeas corpus petition. Doc. 12-4. Petitioner raised various grounds in his state petition, including multiple claims of ineffective assistance of counsel and claims that his guilty plea was not knowing and voluntary. Id. Following an evidentiary hearing, Petitioner's state petition was denied on October 7, 2011. Doc. 12-6.

In denying the state petition, the state habeas court made the following findings of fact: Petitioner retained counsel shortly after being arrested. Id. at 3. Counsel initially believed that Petitioner's best defense against the charges was an insanity defense. Id. Mental health professionals and a state psychologist therefore evaluated Petitioner to determine his competency to stand trial. Id. The results of the psychological evaluations showed that Petitioner had some anti-social disorders but was competent to stand trial. Id. Counsel then examined other defense options such as self-defense, justification, and voluntary manslaughter. Id. at 4. Following the State's offer to withdraw its intent to seek the death penalty in exchange for Petitioner's guilty plea, counsel believed that Petitioner's best option was to accept the offer due to the high likelihood of conviction at trial. Id. Petitioner then agreed to plead guilty. Id. In its findings of

---

[1] Petitioner contends that he entered a guilty but mentally ill plea. Although Petitioner stated in his petition to enter a plea of guilty that he intended to plead guilty but mentally ill (Doc. 12-1 at 99), there is nothing in the guilty plea transcript or the trial court's order and adjudication indicating that the plea was a guilty but mentally ill plea. Doc. 12-3 at 17-31.

fact and review of the record, the state habeas court determined that Petitioner's guilty plea was constitutional and that Petitioner did not receive ineffective assistance of counsel. Doc. 12-6.

Following the denial of his state petition, Petitioner filed an application for a certificate of probable cause to appeal with the Supreme Court of Georgia. See Doc. 12-7. Petitioner's application was denied on April 24, 2012. Doc. 12-7. On June 27, 2012, Petitioner filed his federal habeas corpus petition in the Northern District of Georgia. Doc. 2. Following the transfer of the federal petition to this Court, Respondent filed the instant motion to dismiss on October 23, 2012. Doc. 10.

## DISCUSSION

Petitioner's federal habeas corpus petition alleges two claims of ineffective assistance of counsel and two claims that his guilty plea was not knowing and voluntary. Respondent contends that Petitioner's federal habeas petition should be dismissed because Petitioner failed to submit his petition within the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Because Petitioner did not submit his petition within one year of his conviction becoming final and because he has failed to show that he is entitled to equitable tolling, Petitioner's federal habeas petition must be dismissed as time-barred.

### The AEDPA Statute of Limitations

Pursuant to the AEDPA, an individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Finality of judgment pursuant to Section 2244(d)(1)(A) consists of two prongs, and each prong

---

[2] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

relates to a distinct category of petitioners. Gonzalez v. Thaler, 312 S.Ct. 641, 653 (2012). For a petitioner who pursues direct review all the way to the United States Supreme Court, the judgment becomes final at the "conclusion of direct review" when the United States Supreme Court affirms the conviction on the merits or denies a petition for certiorari. Id. For a petitioner who does not pursue direct review all the way to the United States Supreme Court, his judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for pursing direct review expires. Id. at 653-54. See also Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006).

    The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

    In this case, Petitioner did not file his federal petition within a year of his conviction becoming final. Because Petitioner did not pursue direct review all the way to the United States Supreme Court, his conviction became final when his time to seek direct review expired. As Petitioner did not appeal his conviction or sentence, his time seek direct review expired thirty days after he entered his guilty plea. See O.C.G.A. 5-6-38 (a notice of appeal must be filed within thirty days). Petitioner's conviction therefore became final on April 18, 2001. Petitioner then waited over six years and seven months to file his state habeas petition on December 12, 2007. Because over a year had passed after his conviction became final before Petitioner filed his state habeas petition, there was no time left to be tolled by the filing of his state petition. See

Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012). Petitioner therefore failed to file his federal habeas petition within the AEDPA's one-year limitation period.

## Equitable Tolling

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (emphasis added); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules" and does not implicate state law interpretation. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (emphasis in original). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

In this case, Petitioner has failed to demonstrate extraordinary circumstances that prevented him from timely filing his federal petition. Petitioner asserts that he is entitled to equitable tolling because (1) his counsel informed him that he could not appeal, and (2) he was "transferred from prison to prison in a state of psychotherapy drug-induced near sedation."

Counsel's failure to file a direct appeal or determination that Petitioner did not have the right to appeal does not constitute an extraordinary circumstance. "[A] garden variety of excusable neglect" by an attorney does not constitute an extraordinary circumstance. Holland v. Florida, 130 S.Ct. 2549, 2563-65 (2010). Attorney abandonment, however, may constitute an

5

extraordinary circumstance. Id. Counsel's actions in this case do not rise to attorney abandonment. Petitioner admits that he was aware that no appeal was going to be filed. Counsel indicated at the plea hearing that no appeal would be filed, stating that there "will be no endless years of appeals and things like that and that's the gift that he is giving back to these families, both families." Doc. 12-3 at 26-27. Moreover, it is unclear that counsel was even negligent in informing Petitioner that he could not appeal. There is no unqualified right to appeal a guilty plea conviction in Georgia, and a guilty plea can only be appealed if the issues can be resolved from the facts on face of the record. Smith v. State, 266 Ga. 687, 687 (1996). Petitioner has failed to present facts on the face of the record that constitute a basis for his appeal. Additionally, Petitioner has failed to show how the failure to file a direct appeal stood in his way of timely filing his federal petition.

      Petitioner has also failed to show that his "state of drug-induced near sedation" entitles him to equitable tolling. Although mental incapacity may justify equitable tolling, the mere contention that a petitioner suffers from mental illness is insufficient to justify equitable tolling. Lawrence v. Florida, 421 F. 3d 1221, 1227 (11th Cir. 2005), affirmed, 549 U.S. 327. To justify equitable tolling based on mental incapacity, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Id. at 1226-27. A petitioner alleging mental incapacity maintains the burden of showing that he diligently pursued his rights. See Doe v. United States, 469 Fed. Appx. 789, 800-01 (11th Cir. 2012); Myers v. Allen, 420 Fed. Appx. 924, 927-28 (11th Cir. 2011). Petitioner's conclusory allegations are insufficient to establish equitable tolling, as Petitioner has failed to present sufficient evidence to support his claims of drug-induced sedation and mental incapacity. The record shows that Petitioner was merely on antidepressants at the time he entered his guilty plea. As such,

Petitioner has failed to establish extraordinary circumstances that prevented him from timely filing his federal petition.

Moreover, Petitioner has failed to show that he pursued his rights diligently for over six years following his guilty plea. Although equitable tolling does not require maximum feasible diligence, a petitioner must show reasonable diligence in pursuing his rights. Id. at 2565. To establish diligence, a petitioner must present evidence showing reasonable efforts to file a timely action. Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004).  Although Petitioner contends that his efforts constitute a reasonable level of diligence, Petitioner fails to state what efforts were made. There is nothing in the record indicating that Petitioner attempted to pursue his rights until 2007. As such, Petitioner has failed to show that he is entitled to equitable tolling.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** and the instant Section 2254 petition be **DISMISSED.**

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

7

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 24th day of May, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
